IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ARDESHIR LOHRASBI, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 13-3105 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS and THE | ) | |
| UNIVERSITY OF ILLINOIS and | ) | |
| THE UNIVERSITY OF ILLINOIS AT | ) | |
| SPRINGFIELD and BOARD OF | ) | |
| TRUSTEES OF THE UNIVERSITY OF | ) | |
| ILLINOIS AT SPRINGFIELD | ) | JURY TRIAL DEMANDED |
| | ) | ON ALL APPLICABLE COUNTS |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ARDESHIR LOHRASBI, by and through his attorneys, THE LAW OFFICES OF FREDERICK W. NESSLER & ASSOCIATES, LTD., and in affirmative support of his Complaint, alleges as follows:

### INDEX OF SECTION AND COUNTS

I.  Introduction

II. Jurisdiction and Venue

III. Parties

IV. Factual Background

V.  Count One: Title VII of the Civil Rights Act of 1964 – Racial and National Origin Discrimination (against all Defendants)

VI. Count Two: Violation of Civil Rights Act of 1866 (against all Defendants)

**VII.    Count Three: Breach of Contract (against all Defendants)**

I. **Introduction**

1. This is an action seeking redress for denial of status as Professor *Emeritus*, forceful removal from campus, continued and ongoing prohibition against returning to campus, and termination of employment in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e *et seq*, the Civil Rights Act of 1866, and breach of contract.

2. This proceeding is for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining Defendants from maintaining a policy, practice, custom or usage of discrimination against Plaintiff and other Iranian persons because of race and national origin with respect to compensation, terms, conditions, and privileges of employment and in ways which deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of race and national origin. This Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits in income that would have been received by him, but for the Defendants' unlawful discriminatory practices.

3. Plaintiff, a citizen of the United States, seeks equitable and monetary relief for the Defendants' unlawful actions, including back pay, front pay, reinstatement, retroactive placement as Professor *Emeritus*, compensation for emotional pain and suffering, reimbursement of costs, attorney's fees, and all other relief to which he is entitled by law.

II. **Jurisdiction and Venue**

4. This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e et seq. Jurisdiction of this court is invoked pursuant to 42 U.S.C.A. §2000e – 5f, 28 U.S.C.A. §1343 (4), and 28 U.S.C.A. §2201 and 2202. The jurisdiction of this court is invoked to secure protection of and to redress deprivation of rights secured by 42 U.S.C.A. §2000e et seq., providing for injunctive and other relief against racial,

religious, national origin, and in sex discrimination in employment, and by 42 U.S.C.A. §1981, providing for equal rights of all persons in every state and territory within the jurisdiction of the United States.

5. The violations alleged herein are continuing and ongoing. As such, the Plaintiff timely filed his charge with the EEOC January 2, 2013 (received by the EEOC January 8, 2013) (attached hereto and incorporated herein as Exhibit A), and the EEOC issued its "right to sue letter" on January 28, 2013. (Attached hereto and incorporated as Exhibit B). The said "right to sue letter" was received less than 90 days prior to the filing of this Complaint.

6. Venue in this district is appropriate pursuant to 28 U.S.C.A. §1391(b). The unlawful acts and practices of the Defendants were committed by the Defendants in Sangamon County, State of Illinois, which is within the Central District of the State of Illinois.

### III. Parties

7. Plaintiff is an adult citizen of the State of Illinois, who resides in Sangamon County, Illinois. He is a "person" within the meaning of Title VII, and is an American citizen of Iranian decedent. The Plaintiff was born in Iran, moved to the United States, obtained citizenship, and resides within the United States.

8. Defendants, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, THE UNIVERSITY OF ILLINOIS, THE UNIVERSITY OF ILLINOIS SPRINGFIELD and BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS SPRINGFIELD, (Collectively referred to as "The University") constitute a corporation which missions include; teaching, research, and public service in many academic disciplines. The University is a covered entity within the meaning of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866.

### IV. Factual Background

9.  Plaintiff held a position at the University of Illinois in Springfield from August 1980 through December 2011.

10. That the Plaintiff received tenure in 1986.

11. Most recently, Plaintiff was an Associate Professor of Business Administration, College of Business, at the University of Illinois in Springfield. The Plaintiff was the chair of several departments throughout his term with the University of Illinois.

12. In 2011, the Plaintiff learned of the death of his friend, and colleague, Dennis Camp.

13. While discussing the death of his friend, the Plaintiff stated that sometimes people react to situations with "guns and machine guns", referencing that sometimes people take their own lives by these methods.

14. Because of the Plaintiff's Iranian race and national origin, the Defendants discriminatorily concluded that his comments concerning the suicide of his friend were terrorist's threats.

15. Ronald McNeal is the Dean of the College of Business and Management. Ronald McNeal, is an adult citizen of the State of Illinois and was, during all times relevant hereto, employed by The University, in the College of Business and Management.

16. That as a result of these anecdotal and non-malicious statements, The University began an investigation of the Plaintiff.

17. The Plaintiff has never shown a violent tendency during his employment with The University.

18. Despite the Plaintiff's peaceful demeanor, the Defendants misconstrued the Plaintiff's statement to imply violent and terroristic tendencies.

19. The Defendants required the Plaintiff to meet with the Director of Human Resources, Robert Lael.

20. The Plaintiff was not told why he was to meet with the Director of Human Resources.

21. On or about December 1, 2011, the Plaintiff was instructed by the Defendants to present himself for an unexplained meeting.

22. That at the said meeting, on December 1, 2011, the Plaintiff was presented with a "Notice of Trespass" by Donald W. Mitchell, Chief of Police-University of Illinois Springfield.

23. That the said Notice of Trespass stated:

As Chief of Police of the University of Illinois Springfield, and by statutory authority of Illinois compiled statutes (ILCS) 720 5/21-3, you are hereby issued a trespass notice from any buildings or property owned by the University of Illinois. Your failure to comply will result in your arrest for criminal trespass and incarceration in a Sangamon County correctional center.

This restriction is effective at the time you receive this letter and will expire one year from that date, unless rescinded or extended upon by administrative review.

If you wish to appeal this Trespass Notice, you may contact me at (217) 206-6690.

24. The Plaintiff was asked to sign the said Trespass Notice and he refused.

25. That on or about March 21, 2012, the Plaintiff received an email that he would be honored as a retiree at the annual Retirement and Recognition Ceremony. The ceremony was to take place on April 27, 2012.

26. The Plaintiff was prevented from attending his retirement ceremony because of the said discrimination and resulting No Trespass Notice.

27. That the Plaintiff was escorted from campus and forbidden from completing the teaching of his classes, for the remainder of the relevant term.

28. That the Plaintiff intended to retire at the end of the relevant term.

29. That Plaintiff should have received the title of Professor *Emeritus*, upon his retirement, along with all of the benefits associated with that title, but was denied this title and all associated benefits.

30. The benefits of Professor *Emeritus* include, but are not necessarily limited to:

    a. An office on campus;

    b. Access to campus resources (i.e., libraries, computers, email, etc.)

    c. The privilege to teach three classes per year and receive payment for the same.

31. The Plaintiff was banned from campus because of discrimination predicated upon his race and national origin.

## V. Count One: Title VII of the Civil Rights Act of 1964 – Racial and National Origin Discrimination (against all Defendants)

1-31. Plaintiff, ARDESHIR LOHRASBI, adopts and specifically incorporates paragraphs 1-31 of Introduction, Jurisdiction and Venue, Parties and Factual Background above as paragraphs 1-31 of this Count One as though specifically pled herein.

32. Plaintiff is of Iranian origin and dark skinned.

33. Plaintiff was qualified to be given the status and title of Professor *Emeritus* and was qualified to remain as an active professor for the remainder of the term of his contract.

34. That white American faculty members in the Department of Business Administration who were qualified to be granted the position of Professor *Emeritus* and permitted to teach throughout the term of their employment have been so granted and so permitted.

35. That the University discriminated against the Plaintiff on the basis of his race and on the basis of his national origin with the respect to the terms, conditions or privileges of his employment when it refused to grant him the title and status of Professor *Emeritus*; when it forcefully removed him from campus prior to the completion of his employment contract; and when it forbade the Plaintiff from returning to campus.

36. That as a direct result of the University's discrimination against the Plaintiff on account of his race and his national origin, Plaintiff has suffered and continues to suffer harm, including but not limited to: loss of income and loss of other employment benefits, front pay, humiliation, embarrassment, emotional distress, and damage to his reputation. In addition, Plaintiff has incurred reasonable attorneys' fees and expenses.

**WHEREFORE**, Plaintiff, ARDESHIR LOHRASBI, respectfully requests this Court enter a judgment in his favor:

    A. Awarding lost wages, in the form of back pay, including lost fringe benefits;

    B. Awarding re-instatement and/or front pay;

    C. Awarding compensatory damages (e.g., pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses);

    D. Awarding retroactive placement as Professor *Emeritus*;

    E. Awarding costs of this action, together with reasonable attorneys' fees; and

    F. Granting any further relief as justice may require; further,

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

**VI.    Count Two: Violation of Civil Rights Act of 1866 (against all Defendants)**

1-36. Plaintiff, ARDESHIR LOHRASBI, adopts and specifically incorporates paragraphs 1-36 of Count One above as paragraphs 1-36 of this Count Two as though specifically pled herein.

37. At all times relevant, Plaintiff was in a contractual relationship with Defendants within the meaning of 42 U.S.C.A. § 1981, as amended.

38. During the course of the Plaintiff's employment, Defendant violated the Plaintiff's rights by depriving Plaintiff of his right to the enjoyment of all benefits, privileges, terms and conditions of Plaintiff's employment contract "as is enjoyed by white citizens," in violation of 42 U.S.C.A. § 1981.

39. Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in this complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property "as is enjoyed by white citizens," in violation of 42 U.S.C.A. § 1981, as amended.

40. Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in this complaint, denied Plaintiff the right to make and enforce contracts "as enjoyed by white citizens," "as is enjoyed by white citizens," in violation of 42 U.S.C.A. § 1981, as amended.

41. The employment practices of the Defendant as set forth above, and insofar as they discriminate against the Plaintiff on the basis of his race, deny the Plaintiff the same right to make and enforce contracts as is enjoyed by white citizens of the United States, in violation of 42 U.S.C.A. §1981.

**WHEREFORE**, Plaintiff, ARDESHIR LOHRASBI, respectfully requests this Court enter a judgment in his favor:

  A. Awarding lost wages, in the form of back pay, including lost fringe benefits;

  B. Awarding re-instatement and/or front pay;

  C. Awarding compensatory damages (e.g., pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses);

  D. Awarding retroactive placement as Professor Emeritus;

  E. Awarding costs of this action, together with reasonable attorneys' fees; and

  F. Granting any further relief as justice may require; further,

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

**VII.** **Count Three: Breach of Contract (against all Defendants)**

1-36. Plaintiff, ARDESHIR LOHRASBI, adopts and specifically incorporates paragraphs 1-36 of Count One above as paragraphs 1-36 of this Count Three as though specifically pled herein.

37. The employment practices of Defendant as set forth above, and insofar as they discriminate against the Plaintiff on the basis of his race/national origin, deny the Plaintiff the same right to make and enforce contracts as is enjoyed by white citizens of the United States, in violation of 42 U.S.C.A. §1981.

38. Plaintiff and the University were parties to a contract.

39. Under the terms of the contract, the University agreed, *inter alia*, not to subject Plaintiff to discrimination on the basis of his race or national origin.

40. The Plaintiff is Iranian, born in Iran and has dark skin.

41. Plaintiff was qualified to be granted the position of Professor *Emeritus*.

42. That white American faculty members in the Department of Business Administration who were qualified to be granted the position of Professor *Emeritus* and

permitted to teach throughout the term of their employment have been so granted and so permitted.

43.     That the University discriminated against the Plaintiff on the basis of his race and on the basis of his national origin with the respect to the terms, conditions or privileges of his employment when it refused to grant him the title and status of Professor *Emeritus*; when it forcefully removed him from campus prior to the completion of his employment contract; and when it forbade the Plaintiff from returning to campus.

44.     As a direct result of the University's breach of contract, the Plaintiff has suffered and continues to suffer harm, including but not limited to: loss of income and loss of other employment benefits, front pay, humiliation, embarrassment, emotional distress, and damages to his reputation.  In addition, Plaintiff has had to incur reasonable attorneys' fees and expenses.

**WHEREFORE**, Plaintiff, ARDESHIR LOHRASBI, respectfully requests this Court enter a judgment in his favor:

   A.   Awarding lost wages, in the form of back pay, including lost fringe benefits;

   B.   Awarding re-instatement and/or front pay;

   C.   Awarding compensatory damages (e.g., pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses);

   D.   Awarding retroactive placement as Professor Emeritus;

   E.   Awarding costs of this action, together with reasonable attorneys' fees; and

   F.   Granting any further relief as justice may require; further,

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

                        Respectfully submitted on behalf of the
                        Plaintiff, ARDESHIR LOHRASBI

By: _____
      Jonathan T. Nessler, Esq. #6293462
      The Law Offices of Frederick W. Nessler
      & Associates, Ltd.
      536 North Bruns Lane, Suite One
      Springfield, IL 62702
      (800)727-8010
      (217)698-0202 (phone)
      (217)698-0203 (fax)
      jtnessler@nesslerlaw.com

**Jonathan T. Nessler / #6293462**
**NESSLER & ASSOCIATES, Ltd.**
**536 North Bruns Lane, Suite One**
**Springfield, Illinois 62702**
**(800)727-8010**
**(217)698-0202**
**(217)698-0203 (fax)**
jtnessler@nesslerlaw.com

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2013-01116 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Ardeshir Lohrasbi | (217) 529-7975 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2612 West Lake Drive, Springfield, IL 62712 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNIVERSITY OF ILLINOIS at SPRINGFIELD | 500 or More | (217) 206-7015 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1 University Plaza, Springfield, IL 62703 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE　☒ COLOR　☐ SEX　☐ RELIGION　☒ NATIONAL ORIGIN
☐ RETALIATION　☐ AGE　☐ DISABILITY　☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest　Latest
~~03-21~~-2012　April ~~15~~

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired by Respondent on or around August 15, 1980. My position was Assistant Professor of Management. Since December 1, 2011, I was placed on an involuntary leave and was banned from returning to the Campus. ~~On March 21~~, In April of 2012 I was not allowed to attend my retirement ceremony.

I believe that I have been discriminated against because of my race, White, my national origin, Iranian, and my color, dark complexion, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED
JAN 0 8 2013
CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 1-2-2013　*Ardeshir Lohrasbi* (signature)<br>Date　Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

PETITIONER'S EXHIBIT A
PAGE 1 of 1

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Lohrasbi, Ardeshir
c/o Frederick W. Nessier, Esq.
FREDERICK W. NESSLER AND ASSOCIATES, LTD.
536 North Bruns Lane, Suite 1
Springfield, IL 62702

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2013-01116 | Cristina Wodka, Investigator | (312) 869-8096 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  1-28-13
John P. Rowe,                (Date Mailed)
District Director

Enclosures(s)

cc: **UNIVERSITY OF ILLINOIS**



PETITIONER'S EXHIBIT B
PAGE 1 OF 1