# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ARDESHIR LOHRASBI, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 13-3105 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS and THE | ) | |
| UNIVERSITY OF ILLINOIS and THE | ) | |
| UNIVERSITY OF ILLINOIS AT | ) | |
| SPRINGFIELD and BOARD OF | ) | |
| TRUSTEES OF THE UNIVERSITY OF | ) | |
| ILLINOIS AT SPRINGFIELD | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendant Board of Trustees of the University of Illinois's Motion to Dismiss (d/e 7) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The MOTION is GRANTED as to Counts Two and Three because Plaintiff Ardeshir Lohrasbi correctly concedes that the Court lacks subject-matter jurisdiction over those claims.  The MOTION is DENIED as to Count

One because the Complaint does not establish Defendant's affirmative defense that Plaintiff's claim is time-barred.

## I. BACKGROUND

On June 24, 2013, Plaintiff filed a Complaint in this Court against the Board of Trustees of the University of Illinois ("Defendant"), as well as the University of Illinois, the University of Illinois at Springfield, and the Board of Trustees of the University of Illinois at Springfield.  His Complaint is based on Defendant's decisions to serve him with a notice of trespass, which banned him from campus in the last weeks of his final semester, and deny him the esteemed title of Professor Emeritus after his retirement.  These decisions, Plaintiff alleges, were discriminatory actions motivated by Plaintiff's race and national origin.

Plaintiff is a citizen of the United States who was born in Iran.  In 1980, he began working at the University of Illinois at Springfield and in 1986, he was made a tenured professor.  According to the Complaint, his last position at the University of Illinois at Springfield was Associate Professor of Business Administration in the College of Business.  The Springfield campus is part of the University of Illinois system, 110 ILCS

327/40-5, which is governed by Defendant, the Board of Trustees of the University of Illinois, 110 ILCS 327/40-5.

In his Complaint, Plaintiff alleges that he intended to retire in December of 2011, after he completed the term.  Sometime before December of 2011, Plaintiff was discussing the death of a friend and colleague, Dennis Camp, with a person or people neither party identifies. During the conversation about his friend, Plaintiff alleges he said that people sometimes react to situations with "guns and machine guns." Plaintiff maintains he was referring to people using guns to commit suicide.  However, according to Plaintiff, the University construed Plaintiff's comment as a terrorist threat because of Plaintiff's race and national origin and began an investigation. The University then asked Plaintiff to meet with the Director of Human Resources, Robert Lael. Defendant contends he was unaware why the University asked him to meet with Mr. Lael.

At this meeting, which occurred on December 1, 2011, Plaintiff was given a "Notice of Trespass," which banned Plaintiff from Defendant's buildings or property for one year, "unless rescinded or extended upon

administrative review."  The Notice was issued by Donald W. Mitchell,

Chief of Police of the University of Illinois at Springfield.  Plaintiff

refused to sign the Notice.  He alleges he was then escorted from campus

and forbidden from teaching his classes for the remaining weeks of the

term.  Choosing to follow through on his original intention, Plaintiff

retired at the end of the term.  In his Complaint, Plaintiff claims that

unlike his white retired colleagues, he was denied the title of Professor

Emeritus and the associated benefits upon his retirement.  These benefits

include an office on campus, access to campus resources, and the

privilege of annually teaching three classes for pay.

   Plaintiff alleges that he received an email from the University on

March 21, 2012, inviting him to a Retirement and Recognition

Ceremony on April 27, 2012.  Knowing the Notice of Trespass was still

enforceable, Plaintiff was unable to attend the ceremony.

On January 2, 2013, Plaintiff signed a charge of discrimination,

which the U.S. Equal Employment Opportunity Commission ("EEOC")

received on January 8, 2013.  The charge requests that it be filed with

both the EEOC and the Illinois Department of Human Rights, the

applicable state agency.  The EEOC issued a Right to Sue letter on January 28, 2013 and Plaintiff subsequently filed a Complaint in this Court.  In Count One of the Complaint, Plaintiff alleges Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by discriminating against him because of his race and national origin when Defendant forcibly removed him from campus, declined to grant him the title of Professor Emeritus, and banished him from campus.  Plaintiff alleges in Count Two that Defendant deprived him of his right to enjoy the benefits, privileges, and terms and conditions of his employment contract and his right to make and enforce contracts, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.  Count Three states that Defendant breached its contact with Plaintiff, violating Illinois law.

On June 24, 2013, Defendant filed a Motion to Dismiss Plaintiff's Complaint.  Defendant argues that Counts Two and Three must be dismissed because the Court lacks subject-matter jurisdiction over those claims.  Defendant also contends that the Court should dismiss Count

One because Plaintiff failed to file an EEOC charge within the 300-day limitation period.

## II. STANDARD

Defendant moved to dismiss Count One of Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b) (6). Counts Two and Three, both parties agree, should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

In the face of the motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of persuading the Court that subject-matter jurisdiction exists. See, e.g., Kontos v. U.S. Dep't of Labor, 826 F.2d 573, 576 (7th Cir. 1987). If the Court finds that it lacks subject-matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3)(emphasis added).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, Plaintiff's Complaint need only provide a short and plain statement of the claim showing he is entitled to relief and giving Defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). When considering a

motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to Plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in his favor.  Id.  However, the Complaint must set forth facts that plausibly demonstrate a claim for relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).  Plausibility means alleging factual content that allows the Court to reasonably infer that Defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient.  Id.

### III. ANALYSIS

1. **The Board of Trustees of the University of Illinois is the Only Correct Defendant in this Case**

   Before addressing the merits of Defendant's Motion to Dismiss, the Court notes Defendant's correction that the Board of Trustees of the University of Illinois is the only proper defendant in this suit.  See Memorandum of Law, d/e 8 at 1 n.1; see also 110 ILCS 305/1 (designating the Board of Trustees of the University of Illinois as the governing body of the University of Illinois system).  There is no separate

Board of Trustees of the University of Illinois at Springfield.  See 110 ILCS 327/40-5 (providing that the University of Illinois at Springfield is "under the governance and control of the Board of Trustees of the University of Illinois").  Therefore, the Court will consider the issues only as to the proper defendant, the Board of Trustees of the University of Illinois.  See Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Ath. Dep't, 510 F.3d 681, 694 (7th Cir.2007) (noting that the athletics department of a university was not a separate legal entity that could be sued and considering the issue of immunity only as to the correct defendant).

### 2. Counts Two and Three Must Be Dismissed Because the Court Lacks Subject-Matter Jurisdiction

Defendant asserts that this Court lacks subject-matter jurisdiction over Plaintiff's § 1981 claim (Count Two) and breach of contract claim (Count Three) because Defendant, as a public university, has sovereign immunity under the Eleventh Amendment.  Plaintiff concedes this point and declines to put forth evidence to establish that Counts Two and Three meet the jurisdictional requirements.  See Kontos, 826 F.3d at 576 (stating that plaintiff has burden of proving jurisdiction).

The Court agrees with the parties. The Eleventh Amendment bars federal jurisdiction over suits against a state university, absent an exception.  See Edelman v. Jordan, 415 U.S. 651, 662–63 (1974) (noting that the Supreme Court has consistently held that the Eleventh Amendment bars suits against a State by its own citizens); Osteen v. Henley, 13 F.3d 221, 223 (7th Cir. 1993) (finding that a state university is considered part of the state for purposes of the Eleventh Amendment). Plaintiffs may only sue a state if the state consents or if Congress, in order to validly exercise its power to enforce the Fourteenth Amendment, abrogates state immunity, as it has done with Title VII.  See Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721, 726 (2003) (explaining the two exceptions to state immunity and noting that Congress must make its intention to abrogate "unmistakably clear in the language of the statute"); Nanda v. Bd. of Trs. of the Univ. of Ill., 303 F.3d 817, 831 (7th Cir. 2002) (holding that Congress validly abrogated the states' Eleventh Amendment immunity with respect to Title VII disparate impact claims in passing the Equal Employment Act of 1972).  Although 110 ILCS 305/1 authorizes the Board of Trustees of the University of

Illinois to "sue and be sued," the Board has not consented to suit in

federal court and cast off the protections of the Eleventh Amendment.

Cannon v. Univ. of Health Sci./The Chi. Med. Schs., 710 F.2d 351 (7th

Cir. 1983) (finding Board's authority to "sue and be sued" is not

equivalent to consenting to suit in federal court).

A narrow exception also applies to suits against state officials in

their official capacities when plaintiffs are seeking injunctive relief, rather

than monetary relief. Peirick, 510 F.3d at 695 ("[U]nder the Ex Parte

Young doctrine, a plaintiff may file suit[ ] against state officials seeking

prospective equitable relief for ongoing violations of federal law . . . .

")(internal citations omitted); see Ex Parte Young, 209 U.S. 123, 159-60

(1908); Kashani v. Purdue Univ., 813 F.2d 843, 848 (7th Cir. 1987)

(remanding to district court for consideration of plaintiff's reinstatement

claim against state university officials in their official capacities). The

Seventh Circuit has repeatedly held that the Board of Trustees at the

University of Illinois is a state agency—a single entity rather than a

collection of state officials—entitled to Eleventh Amendment immunity,

regardless of the relief sought. See Cannon, 710 F.2d at 356 ("SIU and

Illinois are recognized as state agencies under Illinois law."); Kroll v. Bd.
of Trustees of Univ. of Illinois, 934 F.2d 904, 908 (7th Cir. 1991)
(relying on Cannon and affirming district court's dismissal for lack of
jurisdiction in § 1983 suit brought by former Athletic Association
employee against Board of Trustees).  Because sovereign immunity
applies to Counts Two and Three of Plaintiff's Complaint, this Court
lacks subject-matter jurisdiction over those claims.  Accordingly, the
Court DISMISSES Count Two and Three for lack of subject-matter
jurisdiction.

Rather than contest Defendant's motion to dismiss under Rule
12(b)(1), Plaintiff asks the Court to transfer Counts Two and Three to
the Illinois Court of Claims.  Plaintiff does not cite any authority that
empowers the Court to transfer suits initially filed in federal court to
state court, and this Court is unaware of any law permitting such a
transfer.  On the contrary, 28 U.S.C. § 1631, the statute authorizing
transfers, allows federal district courts to transfer an improperly filed case
only to another federal district court.  See 28 U.S.C. § 610 (excluding
state courts from definition of "courts" used in 28 U.S.C. § 1631); see

also S.Rep.No. 275, 97th Cong., 1st Sess.30, reprinted in 1982 U.S.

Code Cong. & Ad. News 11, 40 ("This provision [28 U.S.C. § 1631] is

broadly drafted to allow transfer between any two Federal courts.").  If

this case was initially filed in state court and then removed to federal

court, 28 U.S.C. § 1447(c) may permit this Court to remand the case to

an appropriate state court.  However, this case was filed in federal court,

and therefore, this Court cannot and will not transfer Counts Two and

Three to state court.  Instead, the Court will dismiss Counts Two and

Three for lack of subject-matter jurisdiction.

3.   **Count One is Not Dismissed Because the Complaint Does Not Provide the Dates Needed to Determine Whether the Applicable Statute of Limitations Bars the Claim**

**A. Plaintiff had 300 days to file a charge with the EEOC**

Defendant argues that the Court must also dismiss Count One

because Plaintiff filed the EEOC charge after the 300-day limitation

period prescribed by Title VII.  42 U.S.C. 2000e-5(e).   An individual

who wishes to bring a Title VII claim in federal court must first file a

charge with the EEOC within a certain time period after the "alleged

unlawful employment practice occurred."  42 U.S.C. 2000e-5(e)(1).  If

the hopeful plaintiff initially files the charge with an appropriate state or local agency, the standard statutory time period of 180 days is extended to 300 days.  <u>Volovsek v. Wis. Dep't of Agric., Trade, & Consumer Prot.</u>, 344 F.3d 680, 686-687 (7th Cir. 2003).  In Illinois, that appropriate state agency is the Illinois Department of Human Rights ("DHR").  <u>See</u> <u>Tozzi v. Joliet Jr. Coll.</u>, 943 F.2d 54 (7th Cir. 1991) (noting that the existence of a Worksharing Agreement between the Illinois Department of Human Rights and the EEOC "extends the time for filing to 300 days").  In this case, Plaintiff presented a charge to the EEOC on January 2, 2013, requesting that the charge be simultaneously filed with the Illinois Department of Human Rights ("DHR").  Defendant does not vehemently contest that Plaintiff had 300 rather than 180 days to file an EEOC.  However, Defendant insinuates that Plaintiff may not be entitled to this 120-day extension by noting in a footnote that "Plaintiff failed to file a timely charge with DHR" because "Illinois law requires a filing with DHR within 180 days of the alleged discriminatory act."  Perhaps Defendant footnotes this point because Defendant knows that whether Plaintiff's DHR charge is timely under state law is irrelevant.  <u>See</u> <u>EEOC</u>

v. Commercial Office Prods. Co., 486 U.S. 107, 122-25 (1988) (holding that complainant who filed a discrimination charge that was untimely under state law is still entitled to extended 300-day federal filing period of Title VII); see also Gilardi v. Schroeder, 833 F.2d 1226, 1230-31 (7th Cir. 1987) (adopting rule of five other circuits that allows plaintiff 300 days to file with the EEOC, even when plaintiff's charge with state agency was untimely under state law).  Because Plaintiff filed the charge with the DHR, he is afforded this 120-day extension and unquestionably has 300 days from the allegedly adverse employment action to file a charge with the EEOC.

### B. Complaint does not unambiguously show that Plaintiff failed to file an EEOC charge during the 300-day limitation period

The parties primarily dispute when this 300 days began to run. The 300-day limitation period begins when the employee is informed of the allegedly unlawful employment practice.  42 U.S.C. § 2000e–5(e)(1); Stepney v. Naperville Sch. Dist. 203, 392 F.3d 236, 240 (7th Cir. 2004) (finding that plaintiff's 300 days began to accrue when defendant advised plaintiff he was being transferred and would lose his seniority).  Discrete acts such as termination or the denial of a promotion start the clock on

this 300-day period, even if they are connected to other acts or an ongoing practice.  Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 860 (7th Cir. 2005).   According to Defendant, the 300-day limitation period began in December of 2011, when Defendant presented Plaintiff with the no-trespass Notice.  If Defendant is correct, Plaintiff had to file a charge with the EEOC by October 2012, months before he actually filed the charge in January of 2013.

Plaintiff's timeline is different.  Plaintiff argues that the allegations in his Complaint fall within the "continuing violation doctrine," which makes his filing with the EEOC charge timely.  Alternatively, Plaintiff argues that even if his claim is outside the 300-day limitation period, this Court should apply equitable tolling and allow Plaintiff's claim to proceed.

The timely filing of an EEOC charge is not a "jurisdictional prerequisite" to the Court's subject-matter jurisdiction in Title VII cases, but a statute of limitations.   See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 392-93 (1982) (finding that Congress intended the filing period in Title VII to operate as a statute of limitations and not a

jurisdictional requirement).  Rather than prohibit the plaintiff from suing in federal court, an untimely charge gives the defendant employer an affirmative defense to the plaintiff's claims.  Salas v. Wis. Dep't of Corr., 493 F.3d 913, 921 (7th Cir. 2007) ("Filing a timely charge with the EEOC . . . is an affirmative defense akin to administrative exhaustion."). As such, Defendant has the burden of proof.

Dismissal under 12(b)(6) for failure to bring a claim within a statute of limitations is "irregular" because a plaintiff is not expected to anticipate and address affirmative defenses in the complaint.  U.S. v. N. Trust Co., 372 F.3d 886, 888 (7th Cir. 2004)(noting that a complaint must only state a claim on which relief may be granted and need not "plead around defenses"); see also Fed. R. Civ. P. 8(a)(stating that a pleading must contain a short and plain statement showing the grounds of the court's jurisdiction and demonstrating that the pleader is entitled to relief).  However, the Court may dismiss a case for a plaintiff's failure to comply with the statute of limitations when the complaint "unambiguously" sets forth dates that establish the defense.  See Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009)(finding it appropriate to

consider a statute of limitations defense on a 12(b)(6) motion when the

complaint included all of the necessary dates and satisfied the defense).

The Seventh Circuit has repeatedly warned district courts to dismiss

cases that satisfy such an affirmative defense through a Rule 12(c)

Motion for Judgment on the Pleadings, rather than a 12(b)(6) Motion to

Dismiss.  See, e.g., Brownmark Films, LLC v. Comedy Partners, 682 F.3d

687, 690 (7th Cir. 2012)(noting that Fed. R. Civ. P. 12(c) is the

appropriate vehicle to dismiss a case on the basis of an affirmative

defense because the defense is external to the complaint).

Here, the Complaint specifies only that Plaintiff was given a no-

trespass Notice on or around December 1, 2011.  The Court does not

know, because the Complaint does not allege, whether Plaintiff was

denied Professor Emeritus status on this date or at some point afterward.

It appears Plaintiff was not terminated on December 1, 2011 because the

Complaint alleges Plaintiff retired at the end of the term.  This creates an

inference that the denial of the Professor Emeritus title occurred after the

term ended.  And even if Defendant warned Plaintiff at this December

meeting that Plaintiff would not receive the Professor Emeritus title upon

retirement, the statute of limitations may not have started on December 1, 2011.  See Dasgupta v. Univ. of Wis. Bd. Of Regents, 121 F.3d 1138, 1140 (7th Cir. 1997)(stating that a warning of a future violation does not start the clock on the violation because it has not yet been committed).  Also unclear is whether the Notice made Plaintiff ineligible for the Professor Emeritus title, or whether Plaintiff was denied the title based on a subsequent decision made by Defendant.  In other words, the Court cannot determine whether denying Plaintiff the Professor Emeritus title was a "lingering effect" of the allegedly discriminatory act of issuing the Notice or a "predictable" act that had not yet occurred.  Compare Del. State Coll. v. Ricks, 449 U.S. 250 (finding that plaintiff's job loss was a "lingering effect" of defendant's allegedly discriminatory act of denying plaintiff tenure) with Dasgupta, 121 F.3d at 1140 (explaining that the statute of limitations for future violations starts when defendant actually committed those violations and not when defendant made a decision that led to future violations).  If the denial of the Professor Emeritus title was simply an effect of the alleged discriminatory act of issuing the no-trespass Notice, Plaintiff's claim is time-barred; if the

denial was a predictable discriminatory act committed after December of 2011, Plaintiff's claim may survive.

Without more information about the dates of the adverse employment action or actions, the Court cannot resolve the statute of limitations challenge raised by Defendant or consider whether these acts were a continuing violation.  And Plaintiff was not required to provide information necessary to establish all of these dates: "[I]t does not follow from the fact that a plaintiff can get into trouble by pleading more than he is required to plead that he is required to plead that more."  Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993).  The above colloquy shows that Plaintiff's Complaint, on its face, does not unambiguously satisfy the affirmative defense that Plaintiff's claim is time-barred.  Therefore, Plaintiff has not pleaded himself out of Court and dismissal on these grounds is inappropriate.  See Giwa v. Copmea, 2010 WL 2635775 (C.D. Ill. June 28, 2010)(McCusky, J.)(declining to decide whether continuing violation existed or whether plaintiff's claim was time-barred because of sparse record available when defendant filed the motion to dismiss); Jones v. Int'l Ass'n of Bridge Structural

<u>Ornamental & Reinforcing Iron Workers</u>, 864 F. Supp. 2d 760, 766-767 (E.D. Wis. 2012) (finding dismissal inappropriate when the complaint alleged multiple adverse employment actions, but only listed the date of one such action).   As the <u>Giwa</u> court noted, this finding—or lack thereof—does not bar Defendant from arguing that the alleged actions are not a continuing violation and are time-barred at later stages of litigation.  <u>See</u> <u>Giwa</u>, 2010 WL 2635775 n. 7.

### 4. The Court Need Not Address Whether the Doctrine of Equitable Rolling Should Apply

In alternative to Plaintiff's argument that the Complaint describes a continuing violation, Plaintiff asks this Court to apply equitable tolling and save his claim.  However, because Plaintiff's Count One of the Complaint will survive, the Court need not determine whether to apply the doctrine of equitable tolling.  Like the continuing violation argument discussed above, the parties are free to raise this issue at a later stage in the litigation.

## IV. CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss Counts Two and Three because this Court lacks subject-matter jurisdiction.

Additionally, the Court lacks the authority to transfer Counts Two and

Three to any state court and denies Plaintiff's request to do so.

The Court DENIES Defendant's Motion to Dismiss Count One

because Plaintiff's Complaint neither had to prove Plaintiff complied

with the statute of limitations nor satisfied Defendant's affirmative

defense that Plaintiff's claim is time-barred.

IT IS SO ORDERED.

ENTER: February 5, 2014

FOR THE COURT:

_____s/ Sue E. Myerscough_

SUE E. MYERSCOUGH

United States District Judge
