E-FILED
Monday, 23 November, 2015  10:54:55 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ARDESHIR LOHRASBI, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| v. | ) | Case No: 13-3105 |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS and THE UNIVERSITY OF ILLINOIS and THE UNIVERSITY OF ILLINOIS AT SPRINGFIELD and BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS AT SPRINGFIELD | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTIONS IN LIMINE 1-11

NOW COMES the Plaintiff, ARDHESIR LOHRASBI, by and through his attorneys, THE LAW OFFICES OF FREDERICK W. NESSLER & ASSOCIATES, LTD., and for Plaintiff's Motions in Limine 1 – 11, seeks an Order preventing Defendant, its employees or agents, Defendant's attorneys, and Defendant's witnesses from commenting upon, eliciting testimony concerning, questioning, making remarks or arguing, inferring, and/or publishing to the jury in anyway, whether indirectly or directly, the following information or placing the information or evidence before the province of the jury or making reference to the following:

I.      **First Motion _In Limine_ - Settlement Negotiations**

**PLEASE TAKE NOTICE** that Plaintiff hereby moves this Court for an order excluding any and all evidence, reference to evidence, testimony or argument relating to settlement negotiations.

Federal Rule of Evidence 408 states that "[e]vidence of conduct of statements made in compromise negotiations . . . is not admissible." Fed. R. Evid. 408.

**WHEREFORE,** based upon all of the above, reference to settlement negotiations should be barred as it relates to the Plaintiffs' claims.

DATED:  November __, 2015

Granted: _____      Denied: _____      Reserved: _____      N/A ____

## II.   Second Motion *In Limine* – Exclusion of Character Evidence Relating to Prior Bad Acts

**PLEASE TAKE NOTICE** that Plaintiff hereby moves this Court for an order excluding any and all evidence, reference to evidence, testimony or argument relating to bad acts prior to November 14, 2011 and any bad acts that are not relevant to the matter at hand on the part of the Plaintiff, Ardeshir Lohrasbi.

Fed. R. Evid. 404(a) provides specifically that evidence of prior acts cannot be introduced to prove the character of a person in order to show that he or she acted in conformity therewith. Fed. R. Evid. 404(b).  Under the "character in issue" doctrine, character evidence is only admissible where character itself is "an element of a crime, claim, or defense." Fed. R. Evid. 404(a).  In employment discrimination cases, plaintiff's character is not in issue, either as an essential element of a claim or defense. *See EEOC v. HBE Corp.* 135 F.3d 543, 553 (8th Cir. 1998)

**WHEREFORE,** based upon all of the above, reference to bad acts prior to November 14, 2011 on the part of the Plaintiff, Ardeshir Lohrasbi, and reference to bad acts that are not relevant to the case at hand, including but not limited to evidence regarding bad teaching evaluations, bad reviews and misuse of campus property, should be barred from evidence as it relates to the Plaintiff's claims.

DATED:  November __, 2015

Granted: _____     Denied: _____     Reserved: _____   N/A _____

## III.  Third Motion *In Limine* – Order Excluding Non-Party Witnesses

**PLEASE TAKE NOTICE** that Plaintiff hereby moves this Court for an order excluding all witnesses, except for the parties, from the courtroom during trial until after the witnesses testify.

Fed. R. Evid. 615 generally provides that at the request of a party a district court must, or on its own motion the district court may, order witnesses excluded from the courtroom so that they cannot hear the testimony of other witnesses. Fed. R. Evid. 615.

**WHEREFORE,** based upon all of the above, the Plaintiff prays that this Honorable Court enter an order excluding all witnesses, except for the parties, from the courtroom during trial until after the witnesses testify.

DATED:  November __, 2015

Granted: _____     Denied: _____     Reserved: _____   N/A _____

## IV.   Fourth Motion *In Limine* – Exclusion of Relevant Evidence Regarding Allegations of Poor Qualifications or Bad Academic Performance

**PLEASE TAKE NOTICE** that Plaintiff hereby moves this Court for an order excluding any and all evidence, reference to evidence, testimony or argument relating to allegations that Plaintiff had a bad academic performance or poor academic qualifications.

Fed. R. Evid. 403 generally provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Certain background evidence may touch on ancillary, rather than core, issues--evidence of this nature has marginal relevance, but it nonetheless satisfies Rule 401; yet because background evidence about ancillary matters has only marginal relevance, it is more susceptible to exclusion under Fed. R. Evid. 403's balancing of prejudice and probative value. United States v Boros (2012, CA7 Ill) 668 F3d 901, reh den, reh, en banc, den (2012, CA7 Ill) 2012 US App LEXIS 7202.

On November 8, 2011, Dean Ronald McNeil stated that Plaintiff was "academically qualified" to teach. Therefore, evidence being presented in an attempt to show that Plaintiff was unqualified to teach or had a bad academic performance is irrelevant since Plaintiff was deemed by Defendant to be academically qualified to perform his duties on that date. The value of evidence of this kind, being presented in an attempt to contradict what amounts to an admission by a party, would be substantially outweighed by the risk of prejudice, confusing the issues, and misleading the jury. Further, since Defendant is not alleging poor academic performance or poor academic qualifications as its reason for the alleged adverse employment action, this evidence does not make the fact of any consequence more or less probable.

**WHEREFORE,** based upon all of the above, the Plaintiffs prays that this Honorable Court enter an order excluding any and all evidence, reference to evidence, testimony or argument presented by the Defendant relating to allegations that Plaintiff had a bad academic performance or poor academic qualifications.

DATED:  November __ , 2015

Granted: _____   Denied: _____   Reserved: _____   N/A _____

## V.    Fifth Motion *In Limine* – Affirmative Defenses Not Pled

**PLEASE TAKE NOTICE** that Plaintiff hereby moves this Court for an order excluding any and all evidence, reference to evidence, testimony or argument relating to affirmative defenses regarding liability or damages on the part of the Plaintiff.

Federal Rule of Civil Procedure 8(b), (c)(1) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. . . ." In Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708 (9th Cir. 2001), the Ninth Circuit recognized that the requirement that defendants raise their affirmative offenses in their initial pleadings has been liberalized. Id. at 713." The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010)(citations omitted).

Allowing Defendant to present evidence of any affirmative defenses not pled at this point would prejudice the Plaintiff.  Discovery has been closed on this matter and the matter is set for trial.

**WHEREFORE,** based upon all of the above, reference to affirmative defenses regarding liability on the part of the Plaintiff should be barred as it relates to the Plaintiffs' claims.

DATED:  November __, 2015

Granted: _____     Denied: _____     Reserved: _____   N/A _____

## VI.    Sixth Motion *In Limine* – Attorney Fee Agreement

**PLEASE TAKE NOTICE** that Plaintiffs hereby move this Court for an order excluding any and all evidence, reference to evidence, testimony or argument relating to the circumstances under which the attorneys for the Plaintiff were employed or retained with the exception as to the information necessary for an award of attorney fees pursuant to FRE 401, FRE 402 and FRE 403.

As it pertains to this case, any comment, testimony, evidence, or inference about the Plaintiff's fee agreement for legal services rendered would be irrelevant, unfairly prejudicial, and calculated to solely inflame the jury.

**WHEREFORE,** based upon all of the above, reference to the circumstances under which the attorney for the Plaintiffs were employed or retained should be barred as it relates to the Plaintiffs' claims with the exception as to the information necessary for an award of attorney fees.

DATED:  November __, 2015

Granted: _____     Denied: _____     Reserved: _____   N/A _____

**VII.**  **Seventh Motion *In Limine* – Exclusion of Irrelevant Evidence Relating to the University of Illinois at Springfield being Closed from November 21, 2011 to November 28, 2011**

   **PLEASE TAKE NOTICE** that Plaintiffs hereby move this Court for an order excluding any and all evidence, reference to evidence, testimony or argument relating to the University of Illinois at Springfield being closed to students for Thanksgiving from November 21, 2011 to November 28, 2011 pursuant to FRE 401, FRE 402 and FRE 403.

   Defendant claims that the University of Illinois at Springfield was closed to students from November 21, 2011 to November 28, 2011 for Thanksgiving. However, the University was only closed for students during that time. The University was not closed to faculty and staff. Evidence of the school being closed to students during that week does not have the tendency to make any fact of consequence in this case more or less probable, and thus number twenty-eight (28) of the Plaintiff's Proposed Stipulation of Uncontested Issues of Facts should be excluded as it is irrelevant. Furthermore, allowing such evidence to be presented would be misleading to the jury.

   **WHEREFORE,** based upon all of the above, reference to the University of Illinois at Springfield being closed to students for Thanksgiving from November 21, 2011 to November 28, 2011 should be barred as it relates to the Plaintiffs' claims.

DATED:  November __, 2015

Granted: _____     Denied: _____     Reserved: _____     N/A _____


**VIII.  Eighth Motion *In Limine* – Exclusion of Expert Witnesses called on behalf of the Defendant**

**PLEASE TAKE NOTICE** that Plaintiff hereby move this Court for an order excluding any and all expert witnesses that were not disclosed or properly disclosed by the Defendant pursuant to Fed.R.Civ.P. 37(c), a court must exclude a proffered expert witness if the expert witness was not properly disclosed in discovery. Defendant did not disclose any expert witnesses.

**WHEREFORE,** based upon all of the above, any and all expert witnesses called to give testimony on behalf of the Defendant should be excluded and barred from providing testimony.

DATED:  November __, 2015

Granted: _____     Denied: _____     Reserved: _____     N/A _____

## IX.     Ninth Motion *In Limine* – Exclusion of Undisclosed Documents

PLEASE TAKE NOTICE that Plaintiff hereby moves this Court for an order excluding any documents or materials not previously produced by Defendant in their response to any production of documents propounded upon the Defendant pursuant to Federal Rules of Civil Procedure, Rule 26(a)(2).

**WHEREFORE,** based upon all of the above, any and all evidence, reference to evidence, testimony, publication, reference of or argument pertaining to undisclosed documents should be barred as it relates to the Plaintiff's claims.

Granted: _____     Denied: _____     Reserved: _____     N/A _____

## X.     Tenth Motion *In Limine* – Attempts to Withdraw Resignation

Federal Rule of Evidence 401 defines relevancy as evidence having a tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.  FRE 401.

The following evidence should be excluded, because each item listed is not relevant. Each piece of evidence contained in this motion in limine relates to Dr. Lohrasbi's attempt to withdraw or delay his resignation, and the Defendant's response to this request.  Accordingly, in the interest of judicial economy, this motion requests its relief in subparts, as follows.

1.a     Any and all evidence, references to evidence, testimony or argument relating to Dr. Lohrasbi requesting Dean McNeil to approve a delay of Dr. Lohrasbi's scheduled retirement date.

_____ Granted            _____ Reserved

_____ Denied             _____ N/A

1.b     Any and all evidence, references to evidence, testimony or argument relating to Dean McNeal recommending that Dr. Lohrasbi be hired as a visiting professor for the UIS Spring 2012 semester.

_____ Granted            _____ Reserved

_____ Denied             _____ N/A

1.c     Any and all evidence, references to evidence, testimony or argument relating Section 15-139(a) of the Illinois Pension Code or the State Universities Retirement System (SURS).

_____ Granted            _____ Reserved

_____ Denied             _____ N/A

1.d     Any and all evidence, references to evidence, testimony or argument relating to the fact that Dr. Lohrasbi had "financial or financial stress reasons" causing him to want to teach as a visiting professor at UIS in the Spring 2012 semester.

_____ Granted            _____ Reserved

_____ Denied                    _____ N/A

1.e     Any and all evidence, references to evidence, testimony or argument relating to
the fact that UIS corresponded in determining whether Dr. Lohrasbi would be hired for
the Spring 2012 semester.

_____ Granted                   _____ Reserved

_____ Denied                    _____ N/A

1.f     Any and all evidence, references to evidence, testimony or argument relating to
the fact that Dr. Lohrasbi attempted to withdraw his resignation.

_____ Granted                   _____ Reserved

_____ Denied                    _____ N/A


    None of the above listed evidence relate to a fact of consequence in determining this

cause of action.  Whether Dr. Lohrasbi attempted to withdraw or delay his retirement is

irrelevant and the preclusion of this evidence is justified.  Given the clear lack of relevance,

Defendant's intention by admitting such evidence can only be to prejudice the Plaintiff and cause

the jury to look negatively or with ill feelings towards the Plaintiff. Plaintiff's attempt  to

withdraw his resignation has no bearing on the issues of this case, i.e. whether the Defendant

discriminated against the Plaintiff after the alleged machine gun comment. Simply because

Plaintiff had went to the office to discuss whether his withdraw of resignation could be approved

does not make it a fact of consequence to the determination of any issue in this matter.

    Evidence of memorandums that the Defendant's employees had corresponded to

determine whether the University would approve the Plaintiff's request to withdraw has no

bearing on the Defendant's discriminatory reaction to the alleged machine gun comment or

whether the Defendant had the alleged concerns for campus security that it alleges.  Certainly,

the issues will be confused and the jury will be misled by the admission of such evidence as the

issue is whether Plaintiff was discriminated against the Defendant following his alleged statements made to Patricia Sanchez on November 14, 2011.   Moreover, the probative value of the evidence is nonexistent.

Based upon all of the above, exclusion of the each and every piece of evidence listed above is proper.

Granted: _____        Denied: _____        Reserved: _____        N/A ____

XI.     **Eleventh Motion *In Limine* – Potential Increase of Cost**

PLEASE TAKE NOTICE that Plaintiff hereby moves this Court for an order excluding any and all evidence, reference to evidence, testimony or argument suggesting that the jury or local community might suffer any potential increase in the cost of education or other University expenses as a result of a verdict in favor of the Plaintiff.  This motion is brought pursuant to Federal Rule of Evidence 403 and is based on the grounds that there is a substantial danger that this evidence will unfairly prejudice and inflame the passions or emotions of the jury.

**WHEREFORE,** based upon all of the above, any and all evidence, reference to evidence, testimony, reference to or argument pertaining to the aforementioned should be barred as it relates to the Plaintiff's claims.

Granted: _____        Denied: _____        Reserved: _____        N/A ____

Respectfully submitted,

By: /s/ *Maria A. Gust*_____
      Maria A. Gust/#6303440
      The Law Offices of Frederick W. Nessler
      & Associates, Ltd.

536 North Bruns Lane, Suite One
Springfield, IL 62702
(800)727-8010
(217)698-0202
(217)698-0203 Facsimile
gustm@nesslerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015, I caused to be electronically filed the foregoing Plaintiff's Motions in Limine 1-13 with the clerk of the court using the CM/ECF system that will send notification in such filings to the following:

J. William Roberts
broberts@hinshawlaw.com

Charles R. Schmadeke
cschmadeke@hinshawlaw.com

Raylene DeWitte Grischow
rgrischow@hinshawlaw.com


And I certify that on November 23, 2015, I mailed by United States Postal Service, the documents to the following non-registered participants:

NONE


By:   /s/ Maria A. Gust
      Maria A. Gust/6303440
      Frederick W. Nessler & Associates, Ltd.
      536 North Bruns Lane – Suite One
      Springfield, Illinois 62702
      gustm@nesslerlaw.com
      (217) 698-0202
      (217) 698-0203 (Fax)