IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ARDESHIR LOHRASBI, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| v. | ) | Case No: 13-3105 |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS and THE UNIVERSITY OF ILLINOIS and THE UNIVERSITY OF ILLINOIS AT SPRINGFIELD and BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS AT SPRINGFIELD | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE 1-16**

NOW COMES the Plaintiff, ARDHESIR LOHRASBI, by and through his attorneys, THE LAW OFFICES OF FREDERICK W. NESSLER & ASSOCIATES, LTD., and for Plaintiff's Response to Defendant's Motions in Limine 1 – 16, states as follows:

1. Plaintiff objects to Defendant's Motion in Limine #1 if there is any implication to bar the medical records of Dr. Bohlen and Dr. Fyans, which are admissible into evidence pursuant under FRE 902(11), and contain a certification pursuant to FRE 803(6).

2. Plaintiff objects to Defendant's Motion in Limine #2 if there is any implication that Plaintiff did not properly disclose Dr. Fyans and Dr. Bohlen, as both were properly disclosed

pursuant to F.R.C.P. 26(a)(2), or any witness on Plaintiff's witness list as all were properly disclosed pursuant to F.R.C.P. 26(a)(1). Otherwise, Plaintiff has no objection.

3. Plaintiff objects to Defendant's Motion in Limine #3. The Seventh Amendment guarantees Plaintiff a trial by jury on any issue on recovery of dollar amounts owed, including back pay, liquidated damages, and front pay, since such amounts are legal remedies in nature. Although, the circuits are divided on this issue, the Seventh Circuit has adopted and follows the Third Circuit in holding: "Authority and reason both suggest that while the decision to award front pay or reinstatement is within the discretion of the trial court, the amount of damages available is a jury question. *Coston v. Plitt Theatres*, 831 F.2d 1321, 1333, 1987 U.S. App. LEXIS 14064, *35, 44 Fair Empl. Prac. Cas. (BNA) 1722, 44 Empl. Prac. Dec. (CCH) P37,487 (7th Cir. Ill. 1987)(upholding a jury's denial of front pay where the Plaintiff presented no evidence with regard to front pay at trial).

Plaintiff has requested two remedies, (1) reinstatement of Emeritus, and (2) front pay for the future loss of benefits associated therewith, which includes the privilege to teach three sections per year at the pay of $7,500.00 per section. These two remedies usually overlap.

Front pay, is a monetary remedy that compensates the Plaintiff for the future effects of the discrimination where reinstatement is unfeasible. Although Plaintiff argues that reinstatement of Emeritus status is feasible, if the Court determines that it is not feasible, Plaintiff is requesting a monetary award in the form of front pay. Pursuant to the Seventh Circuit's holding in *Coston*, although the Court will decide which remedy to award, the amount of the award is a question of fact for the jury to decide, since it is legal in nature. As a result, Plaintiff must present evidence upon the issue of front pay at trial, and thus, Defendant's Motion in Limine #3 should be denied.

4. Once the jury has found that there has been employment discrimination, there is a presumption that the employee is entitled to back pay. *Gracia v. Sigmatron Int'l, Inc.*, 2015 U.S. Dist. LEXIS 124499, *4 (N.D. Ill. Sept. 17, 2015). The claimant must establish the amount of damages, but Plaintiff is presumptively entitled to full relief. *Id.* Plaintiff does not object to this Motion in Limine with the understanding that Plaintiff will be entitled to a post-trial hearing before the Court, where Plaintiff may present testimony and evidence on the issue of and amount of back pay that Plaintiff is entitled. Further, at said hearing, Plaintiff will request an Order granting Plaintiff a monetary award for back pay. Otherwise, Plaintiff objects as Plaintiff has a right to present evidence at trial so that the Court may hear evidence pertaining to the issue of back pay to utilize in rendering its Opinion on the issue of back pay, and thus Plaintiff requests that Defendant's 4th Motion in Limine be denied.

5. No Objection.

6. No Objection.

7. No Objection.

8. Plaintiff objects to Motion in Limine #8. Character evidence is admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. FRE 404(b)(2). Plaintiff may present character evidence of Defendant, Defendant's employees and Defendant's former employees to prove that Defendant had a discriminatory motive for taking the materially adverse employment actions against Plaintiff. Further, Plaintiff may introduce character evidence that Defendant's employees acted with discriminatory intent when they took the materially adverse employment actions against Plaintiff. In addition, Plaintiff may admit character evidence of Defendant's employees to show that Defendant organized a prepared plan to cover up its motive by alleging a non-discriminatory

reason, which is merely pretext for discrimination. Whether the Defendant has proven a legitimate, nondiscriminatory reason for its adverse employment action and whether that Defendant's proffered reason is pretextual for discrimination are issues in the case, which Plaintiff has a right to present character evidence of Defendant's employees regarding the same, and thus, Defendant's Motion in Limine #8 should be denied.

9. No Objection.

10. No Objection.

11. No Objection.

12. Plaintiff objects to Motion in Limine #12 for the same reasons that Plaintiff objected to Defendant's Motion in Limine #8 pursuant to FRE 404(b)(2). Further, Pretext is an element of the Plaintiff's case. Plaintiff is alleging that Defendant's proffered reason for the adverse employment action is pretextual for discrimination, i.e., unworthy of credence or belief. Plaintiff must be able to provide testimony in way of facts supporting his position that Defendant's employee's testimony, pertaining to their proffered reason for the adverse employment action, is untrue. In order to do this, Plaintiff must be able to give testimony in opposition to Defendant's position, which will suggest that Defendant's employees are being untruthful and/or that their testimony is unworthy of belief. Therefore, Plaintiff requests that Defendant's 12th Motion in Limine be denied.

13. No Objection.

14. No Objection.

15. No Objection.

16. Plaintiff objects to Defendant's Motion in Limine #16. A violation of a Motion in Limine is never automatically grounds for a mistrial as a violation could merely be harmless

error that does not justify grounds for a mistrial. Further, Courts have actively used limiting instructions to narrow the scope of testimony or remove the evidence from the province of the jury all together. There is no law that states that a party is automatically exposed to an immediate mistrial with an award of attorney fees and costs for violating a motion in limine. Therefore, Plaintiff requests that Defendant's 16th Motion in Limine be denied.

Respectfully submitted,

By: /s/ *Maria A. Gust*
Maria A. Gust/#6303440
The Law Offices of Frederick W. Nessler
& Associates, Ltd.
536 North Bruns Lane, Suite One
Springfield, IL 62702
(800)727-8010
(217)698-0202
(217)698-0203 Facsimile
gustm@nesslerlaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 27, 2015, I caused to be electronically filed the foregoing Plaintiff's Response to Defendant's Motions in Limine 1-16 with the clerk of the court using the CM/ECF system that will send notification in such filings to the following:

J. William Roberts
broberts@hinshawlaw.com

Charles R. Schmadeke
cschmadeke@hinshawlaw.com

Raylene DeWitte Grischow
rgrischow@hinshawlaw.com


     And I certify that on November 27, 2015, I mailed by United States Postal Service, the documents to the following non-registered participants:

NONE


By:  /s/ Maria A. Gust
      Maria A. Gust/6303440
      Frederick W. Nessler & Associates, Ltd.
      536 North Bruns Lane – Suite One
      Springfield, Illinois 62702
      gustm@nesslerlaw.com
      (217) 698-0202
      (217) 698-0203 (Fax)